## UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

January 6, 2010

MEMO TO COUNSEL RE: Dennis Glynn v. EDO Corporation
Civil No. JFM-07-1660

Dear Counsel:

I have reviewed the memoranda submitted in connection with IST's motion to compel (document 287-1).  The motion is granted in part and denied in part.

1.  Documents provided by Glynn/Saltwhistle to their experts and communications
    with those experts

The motion is granted as to documents provided to, and communications with, Dr. James Solinsky and Dr. Richard B. Edelman.  The motion is denied as to documents provided to, and communications with, Phyllis Kramer because I am precluding Ms. Kramer's testimony.

To the extent that Glynn/Saltwhistle's position is that IST has "dirty hands" because it has not provided to Glynn/Saltwhistle the same type of documents and communications it seeks in its motion to compel, the argument is not well founded because the existence of one discovery dispute does not excuse a party from complying with legitimate discovery demands made to it.  If and when the issue of IST's alleged non-compliance with legitimate discovery demands is presented to me, I will rule upon it.

2.  Glynn and Saltwaters' tax documents

The motion is granted.  I am satisfied that Glynn has placed in issue his own income and revenues and, derivately, the income and revenues of Saltwhistle.  IST need not accept Glynn's own assertions about income and revenues but may test those assertions by examining tax documents.

3.  Glynn's communications with current or former IST employees

The motion is granted.  Whether or not IST properly characterized Paul Baryimes as a

former employee of IST is irrelevant to the question of whether Glynn must provide discovery concerning communications he had with persons who indisputably are current or former IST employees.

4.  <u>Information concerning Glynn's medical treatment</u>

The motion is granted in part and denied in part.  Glynn must produce any records about his physical health because the records might pertain to the question of whether his work life expectancy is lower than the average work life expectancy of someone his age.  He must also produce any documents relating to any psychiatric or psychological care he was receiving while he was an employee of IST because, if there are any such documents, they may reflect upon the material issue of his interaction with IST employees.  To the extent that IST is seeking additional documents about Glynn's physical or mental health, its request is overly intrusive.  In that regard I join those courts that have held that a garden variety claim for emotional distress does not require a plaintiff to produce records about his mental and psychological well being.

5.  <u>Data storage devices</u>

It is not clear to me whether this issue remains ripe after the rulings I made at the hearing concerning the Computer Forensics Protocol.  If IST believes that the issue does remain ripe, I ask them to so advise me on or before January 13, 2010.

Despite the informal nature of this ruling, it shall constitute an Order of Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/

J. Frederick Motz
United States District Judge